UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID M. PRYOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:25-cv-00595** |
| **v.** | ) | |
| | ) | |
| **RUTHERFORD COUNTY SHERIFF'S DEPARTMENT, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

David M. Pryor, a pre-trial detainee in the custody of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se action under 42 U.S.C. § 1983, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 6). The Court must resolve the filing fee before moving to the required screening of the prisoner complaint.

## I. FILING FEE

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc. No. 6), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 6) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Rutherford County Adult Detention Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Section 1983 Standard

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured

by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Complaint**

The allegations of the Complaint are assumed true for purposes of the required PLRA screening.

On April 20, 2025, two unidentified Rutherford County police officers arrived at the mental health department of Stonecrest Medical Center (where Plaintiff was a patient) to take Plaintiff to jail. The officers placed Plaintiff in handcuffs that were too tight. When Plaintiff asked the officers to loosen the handcuffs, they "began to slam [Plaintiff] on the floor and also bashed [his] head." (Doc. No. 1 at 6). Plaintiff was scared. The officers "kept [Plaintiff] down by sitting on [his] back" and refused an offer by medical staff for a tranquilizer to subdue Plaintiff. (Id.) On the way to the patrol car, officers "tossed [Plaintiff] around again and [he] was so scared that [he] ended up defecating on [himself]." (Id.) As relief, the Amended Complaint seeks $2,000,000 in damages.

**C. Analysis**

The Complaint names two Defendants to this action: the Rutherford County Sheriff's Department and the State of Tennessee.

First, a police or sheriff's department is not a "person" who can be sued under 42 U.S.C. § 1983. Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10-cv-0496, 2010 WL 3341889, at *2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since Matthews, federal district courts in Tennessee have frequently and

uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the Section 1983 claim against the Davidson County Sheriff's Office). Consequently, Plaintiff's Section 1983 claims against the Rutherford County Sheriff's Department must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also sues the State of Tennessee. However, a state is not a "person" within the meaning of Section 1983. Will v. Michigan, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Furthermore, the Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court for damages. Kentucky v. Graham, 473 U.S. 159, 169-70 (1985). Therefore, Plaintiff's claims against the State of Tennessee, including his request for $2,000,000 in damages, do not fall within the purview of Section 1983 and are barred by the Eleventh Amendment. Those claims must be dismissed.

From the Complaint, it appears Plaintiff was in the process of being arrested at the time of two officers' alleged use of excessive force. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision.

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-

faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." Cordell, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" Id. (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original). Plaintiff was not a convicted prisoner at the time the unidentified officers allegedly used excessive force against him.

The Fourteenth Amendment's Due Process Clause protects a pretrial detainee—as opposed to a convicted prisoner—from the use of excessive force that amounts to punishment. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). A pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable to demonstrate that it was excessive in violation of the Fourteenth Amendment's Due Process Clause. See id. "The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'" Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 538-39 (6th Cir. 2015) (quoting Kingsley, 576 U.S. 389, 397). The Fourteenth Amendment analysis is the applicable analysis here.

Based on the allegations of the Complaint, the Court finds that Plaintiff could have stated colorable Fourteenth Amendment claims under Section 1983 against the correction officers who allegedly "bashed" his head, slammed him to the ground, and "tossed" him around on April 20, 2025, had he named those individuals as Defendants and provided additional details regarding their conduct. Given Plaintiff's pro se status and the seriousness of the allegations, the Court finds that it would be appropriate to permit Plaintiff to amend his complaint, if he so desires, to name

those individuals and provide more details about his excessive force claims against them. See LaFountain v. Harry, 716 F.3d 944, 2013 WL 2221569 (6th Cir. May 22, 2013) (overruling McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), to the extent that McGore held that, when the PLRA required dismissal of a prisoner's claim, a district court could not grant leave to amend; vacating and remanding the district court's dismissal of some claims to determine whether to allow LaFountain to amend his complaint which was dismissed pursuant to the PLRA screening).

## III. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the Complaint fails to state Section 1983 claims upon which relief can be granted against the two named Defendants. Those Defendants and the claims against them are **DISMISSED WITH PREJUDICE**.

However, Plaintiff may file an amended complaint no later than 30 days after the date of entry of this Memorandum Opinion and Order in which he identifies officers who used excessive force against him as alleged in the complaint. Any amended complaint must contain all allegations, claims, and defendants, and should not incorporate the original complaint by reference. In other words, an amended complaint will replace the original complaint in full.

If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If not, at the expiration of the 30-day period, this case will be dismissed.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE